IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:11CR43** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **EVELINDA HINOJOSA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 147). The government adopted the PSR (Filing No. 170). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

    The Defendant objects to ¶¶ 30, 34, 35, 36, 102, 107, and 109. The objections are discussed below.

## ¶ 30 - Third Party Risk

    Defendant argues no risk exists. The objection was apparently not raised earlier to the probation officer and does not affect the sentencing guideline range. The objection is denied.

## ¶ 34 - Base Offense Level

    The base offense level is computed under U.S.S.G. § 2D1.11, and the table used in § 2D1.11(d) was used. Defendant argues that § 2D1.1, and its corresponding table, should be used. The appropriate guideline, according to the sentencing guideline manual, is § 2D1.11. No authority exists for Defendant's position.

Defendant also argues that 3,600 milligrams of pseudoephedrine purchased on August 16, 2010, should not be included in the drug quantity because on that date the Defendant lacked an intent to manufacture. At her change of plea hearing, this matter became an issue. Under oath, after denying that she knew until the last week of the period of the conspiracy that she knew the pseudoephedrine was being used to manufacture methamphetamine, Defendant stated the following:

> THE COURT:  – you may not have known it the first time, but at some point –
>
> THE DEFENDANT: At some point, yes, I did know.
>
> THE COURT:  – when you – when you possessed it, then you provided it to Mr. Herrera, you knew that that would be used for the –
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT:  – manufacture of methamphetamine –
>
> THE DEFENDANT: Yes.
>
> THE COURT:  – is that right?
>
> THE DEFENDANT: Right.

(Filing No. 127, at 39.)

In light of the clear applicability of § 2D1.11, the Defendant's sworn statements at the change of plea hearing, and the information in ¶ 27 that methamphetamine was cooked at Defendant's residence, the objections to ¶ 34 are denied.

## ¶ 35 - Enhancement

Defendant argues that the enhancement under U.S.S.G. § 2D1.11(b)(3)(B) for the unlawful transportation, treatment, storage, or disposal of a hazardous waste does not

apply to her because her involvement was limited to buying pseudoephedrine pills. The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

## ¶ 36 - Role

Defendant argues that she is entitled to a minor role adjustment under U.S.S.. § 3B1.2. The objection will be heard at sentencing, and the Defendant has the burden by a preponderance of the evidence.

## ¶ 102 - Amount of Restitution

Regarding ¶ 102, Defendant appears to argue the amount of restitution is excessive. It appears that the objection was not raised previously to the Probation Officer, and it is denied.

## ¶¶ 107 and 109 - Criminal History Category; Sentence of Probation

The arguments to ¶¶ 107 and 109 are not objections but rather sentencing arguments that are more appropriately raised as motions. They are denied as objections, and defense counsel may address these matters at sentencing.

IT IS ORDERED:

1.   The Defendant's objections to ¶¶ 30, 34, 102, 107, and 109 of the PSR are denied;

2.   The Defendant's objections to ¶¶ 35 and 36 will be heard at sentencing;

3.   If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.      Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 28th day of September, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge